UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA RODRIGUEZ,<br><br>              Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>              Defendant. | Case No. 1:20-cv-00549-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 19). |

      This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 14).

      Plaintiff presents the following issues: "1) Whether the ALJ Failed to Properly Evaluate Plaintiff's mental impairments at Step Two; 2) Whether These Failures Were Harmful; and 3) Whether this case should be remanded for payment of benefits or further proceedings." (ECF No.

19, p. 5). Having reviewed the record, administrative transcript, the briefs of the parties,[1] and the applicable law, the Court finds as follows:

## I. ANALYSIS

### A. Evaluation of Dr. Silva Torrez's Examining Opinion

Plaintiff argues that the ALJ did not properly evaluate the severity of her mental impairments because the ALJ failed to provide legally sufficient reasoning for discounting the opinion of examining physician Dr. Silvia Torrez. (ECF No. 19, p. 6). The Ninth Circuit has held the following regarding such opinion testimony:

> "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).[2] "Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

Here, although Plaintiff asserts that "[t]here are no other opinions on the record regarding Plaintiff's mental limitations [and thus] that means the clear and convincing standard applies"

---

[1] Plaintiff filed an opening brief on March 2, 2022, and Defendant filed an opposition on April 1, 2022. (ECF Nos. 19, 20). Plaintiff did not file a reply.

[2] Because Plaintiff filed her application on February 14, 2017 (notably, before March 27, 2017), 20 C.F.R. § 404.1527 applies in considering the weight given to Dr. Torrez's opinion. For applications filed on or after March 27, 2017, 20 C.F.R. § 404.1520c applies in considering medical opinions; notably, no deference or specific evidentiary weight is given to medical opinions.

(ECF No. 19, p. 6), as Defendant points out, a state agency consultant, Dr. Kevin Gregg, offered a contradictory opinion, which the ALJ gave significant weight to. (ECF No. 20, p. 5 n.4) (citing A.R. 19). Accordingly, the Court considers whether the ALJ's decision offered specific and legitimate reasons, supported by substantial evidence, for the weight given to Dr. Torrez's opinion.

The ALJ gave the following reasons for the weight assigned to Dr. Torrez's opinion:

> As to her mental health, the claimant testified that she had not engaged in mental health therapy and received medications through a primary care physician only. (Testimony.) The record reflects that she has frequently not complained of anxiety or depression, or been regarded as having only minimal depression, and has not always taken her medication as prescribed. (Exhibits 2F/248; 3F/49; l0F/2, 25, 36, 53; 8F; and 16F/18 and 28.)
>
> On June 25, 2017, the claimant underwent a consultative evaluation with Silvia Torrez, Psy.D. ((Exhibit 8F.) She reported having been diagnosed with depression in 2001 and that she had taken medications "off and on" that were prescribed by her primary care physician. She reported that currently, she was prescribed medications, but again, did not take them as prescribed due to side effects. (*Id.*/2.) Despite her noncompliance, she confirmed that she never been admitted into a psychiatric facility and had never attempted suicide. (*Id.*/3) She reported that she was living with her boyfriend. (*Id.*/4.) She was noted to have good hygiene, good eye contact, appropriate facial expressions, a cooperative attitude, a pleasant demeanor, to exhibit no unusual psychomotor activity, normal speech and stream of mental activity, appropriate thought content, and to be alert and oriented in all spheres, but to have a depressed mood and congruent affect. (*Id.*/4-5.) The claimant's immediate and five minute delayed recall was three out of three, she was able to complete four digits forward and three digits backwards, her intellectual functioning was average, her fund of knowledge and information were consistent with her educational level and socioeconomic/cultural background, she performed serial threes without errors, her concentration was within normal limits, and she exhibited normal judgment and insight. (*Id.*/5-6.)
>
> The evaluator determined that the claimant's symptom severity was in the mild range, and that her limitations, if any, appeared to be primarily due to her physical problems. (*Id.*/7.) The evaluator opined that the claimant had no limitations in various areas but was mildly limited in her ability to adapt to changes in job routines and to interact appropriately with coworkers, supervisors, and the public on a regular basis and moderately limited in her ability to withstand the stress of a routine workday. (*Id.*/7.) I accord little weight to the opinion that the claimant has had moderate limitations because neither the record as a whole, nor the evaluation performed that day support this opinion. This proposed limitation appears to be based, at least in part, on an assessment that the claimant has "alcohol use disorder, moderate." (*Id.*/6.) However, the claimant has stated that this condition is in

> remission and the record does not support a finding that this is a severe impairment. The findings that the claimant has no more than mild limitations in all other areas assessed are consistent with a finding that she does not have [] severe mental impairments. This portion of the opinion is supported by the record and I accord it significant weight.
>
> In finding that the claimant has no severe mental impairment, I have considered the four broad areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1 ). These four areas of mental functioning are known as the "paragraph B2" criteria. I find that the claimant has no limitation in (1) understanding, remembering, or applying information; (2) concentrating, persisting, or maintaining pace; and (3) adapting or managing oneself. I further find that she has some mild limitation in (4) interacting with others, reading the record in a light most favorable to her partly because she reported that she does not want to talk to anybody due to mental health issues. (Testimony.) Because her mental impairments caused no more than "mild" limitation in any of the functional areas, they are nonsevere (20 CFR 404.1520a(d)(l) and 416.920a(d)(l)). This was the finding of the state agency medical consultants at the initial and reconsideration levels, which I find to be consistent with the record and also accord significant weight. (Exhibits lA, 2A, SA, and 6A.)

(A.R. 18-19) (footnote omitted).

Plaintiff challenges only the ALJ's assignment of little weight to Dr. Torrez's opinions that Plaintiff had moderate limitations in the "[a]bility to withstand the stress of a routine workday" and [a]bility to adapt to changes, hazards, or stressors in [the] workplace setting." (A.R. 19) (citing A.R. 1062). The first reason the ALJ gave to discount the opinions is that they were not supported by the record as a whole.[3] While Plaintiff criticizes the ALJ's opinion for failing to point to specific record evidence undermining these moderate limitations, the Court concludes that the ALJ gave specific and legitimate reasons, supported by substantial evidence in the record, for assigning Dr. Torrez's opinion little weight.

Notably, the ALJ cited medical findings that could reasonably be considered inconsistent with moderate limitations. For example, the ALJ noted that Plaintiff "has frequently not

---

[3] Plaintiff argues that, while the ALJ discussed Dr. Torrez's opinion regarding Plaintiff's "ability to withstand the stress of a routine workday," the ALJ failed to address the opinion regarding her "ability to adapt to changes, hazards, or stressors in a workplace setting." (ECF No. 19). However, the ALJ was not required to "discuss every piece of evidence" in detail and the ALJ's reference to "moderate limitations" in the plural indicates that the ALJ considered both opinions. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (internal citation omitted).

1 complained of anxiety or depression, or been regarded as having only minimal depression, and
2 has not always taken her medication as prescribed." (A.R. 18) (citing, in part, A.R. 860 (noting
3 that Plaintiff "denies depression, anhedonia, [and] suicidal ideation") 1138, 1161, 1397, 1407
4 (noting negative indicators for depression screening). Additionally, the ALJ pointed to the
5 opinion of state agency consultant, Dr. Gregg, who concluded that Plaintiff had only mild
6 limitations in the functional areas. (A.R. 19, 78 (concluding, in part, that Plaintiff had mild
7 limitations in ability to "[a]dapt or manage oneself")).

8 The next reason given to discount Dr. Torrez's opinion is that Dr. Torrez's own evaluation
9 did not support the opinion. Most notably, the ALJ cited normal findings from Plaintiff's mental
10 status examination, such as that she was "cooperative," that her "[s]tream of mental activity was
11 within normal limits," and her "[t]hought content was appropriate." (A.R. 18, 1060). Similarly,
12 the ALJ noted that Plaintiff performed well on the tests that Dr. Torrez performed, *e.g.*, her
13 immediate recall was 3/3 words and 3/3 words on a five-minute delayed recall, her intellectual
14 functioning was within the average range, and her concentration was within normal limits. (A.R.
15 18, 1060). Such normal findings reasonably appear inconsistent with Dr. Torrez's assessment of
16 moderate limitations. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (concluding
17 that "[t]he incongruity between [doctor's] [q]uestionnaire responses and her medical records
18 provides an additional specific and legitimate reason for rejecting [her] opinion").

19 Lastly, the Court notes that the ALJ discounted Dr. Torrez's opinion, among other
20 reasons, because some of the limitations appear partially based on Plaintiff's alcohol use disorder
21 which was in remission. (A.R. 18). There is serious reason to question this rationale because, as
22 Plaintiff points out, Dr. Torrez's assessment stated that her opinions were based on "the
23 claimant's psychiatric condition only" and that "there was no evidence the claimant was engaging
24 in substance abuse at the time of the evaluation." (A.R. 1062); (ECF No. 19, p. 8). However,
25 despite the likely error on this point, the Court need not resolve the issue, because the other
26 reasons discussed above were sufficient to discount Dr. Torrez's opinion. *See Ford v. Saul*, 950
27 F.3d 1141, 1156 n.8 (9th Cir. 2020) (declining to address further arguments challenging ALJ's
28 decision where the ALJ provided other specific and legitimate reasons supported by substantial

evidence to justify rejection of a doctor's opinion).

In summary, the Court concludes that the ALJ provided specific and legitimate reasons, supported by substantial evidence, for assigning little weight part of Dr. Torrez's opinion.

### B. Harmless Error and Remedy

Having concluded that the ALJ did not error in discounting Dr. Torrez's opinion, it is unnecessary to address Plaintiff's derivative arguments regarding harmless error and the appropriate remedy.

## II. CONCLUSION AND ORDER

Accordingly, the decision of the Commissioner of Social Security is hereby affirmed. And the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**April 25, 2022**__                    /s/ Erica P. Grosjean
                                                   UNITED STATES MAGISTRATE JUDGE